IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

EC DATA SYSTEMS, INC.,

                                      Plaintiff,

v.

J2 GLOBAL, INC. and
ADVANCED MESSAGING TECHNOLOGIES, INC.,

                                      Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff EC Data Systems, Inc. ("EC Data") for its Complaint against j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively "j2") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement of United States Patent Nos. 6,208,638 (the "'638 Patent"), attached as Exhibit 1, and 6,350,066 (the "'066 Patent"), attached as Exhibit 2, (collectively, the "Patents-in-Suit") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100 et seq., and for such other relief as the Court deems just and proper.

### THE PARTIES

2. EC Data is a Colorado corporation with its principal place of business at 8484 S. Valley Hwy., Suite 250B, Englewood, CO 80112.

2

3. On information and belief, j2 Global, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California 90028. On information and belief, Advanced Messaging Technologies is a wholly-owned subsidiary of j2 Global, Inc. organized under the laws of the State of Delaware with its principal place of business at the same location as j2 Global, Inc.'s principal place of business.

4. On information and belief, j2 is by far the nation's largest provider of outsourced messaging and communications services. j2 operates its nation-wide services over the Internet under names including efax, e-fax, myfax, evoice, e-voice, fax.com, rapidfax, send2fax, trustfax, campaigner, j2, j2 Global, jconnect, keepitsafe, onebox and fusemail.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code.

6. The Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. § 1, et seq.

7. The Court has personal jurisdiction over j2. Upon information and belief, j2 does substantial, continuous and systematic business in the State of Colorado. And as set forth in detail below, j2 has purposely directed its activities related to the Patents-in-Suit at EC Data in Colorado and EC Data's Colorado based customer.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

9.  j2 purports to be the owner of all rights, title, and interest in and to the '638 Patent and '066 Patent. In particular, j2 Global, Inc. purports to own the '638 patent and Advanced Messaging Technologies purports to own the '066 patent.

10.  j2 has a history of filing frivolous patent infringement actions against its smaller competitors in order to extract settlements on terms that make it uneconomical to reach the merits of j2's allegations. For example, on June 25, 2008, j2 filed a patent infringement lawsuit against EC Data, and others, in the Eastern District of Texas, 6:08-cv-00259, through a related entity Catch Curve, Inc., ("EDTX Action").

11.  The EDTX Action asserted patents directed to fax-to-fax technology. EC Data, however, only provided, and continues to only provide, fax-to-computer based services. Prior to the initiation of the EDTX Action, the Central District of California construed the patents asserted in the EDTX Action and held that they only covered fax-to-fax systems. *Catch Curve, Inc. v. Venali*, cv-05-04820 (C.D. Cal., May 11, 2007 Claim Construction Order). Nevertheless, j2 brought the EDTX Action against EC Data's fax-to-computer systems.

12.  j2 offered to settle the EDTX Action against EC Data for $60,000. Despite the frivolous nature of j2's assertions, EC Data accepted the patent license as the most efficient means to resolve the dispute because the cost of the license was less than the likely costs to defend itself.

13.  On November 13, 2009, j2's patent licensing agent, IP Investments Group, contacted EC Data about taking a license to another set j2 patents, including the Patents-in-Suit. The November 13, 2009 letter represented that "based on information available in the public

domain (e.g. your company website), it is apparent that the products and services offered by [EC Data] are infringing" at least one of a set of four patents, including the Patents-in-Suit.

14. Less than a week later, on November 18, 2009, EC Data responded to IP Investments Group's allegations with a request to discuss the content of the November 13, 2009, letter. IP Investments Group responded on December 3, 2009, and stated that an information packet explaining the infringement allegations would be forthcoming. EC Data never received the promised information packet. j2 and IP Investments Group never provided any basis to support the infringement allegations made in the November 13, 2009 letter.

15. Over a year later, on March 29, 2011, j2 sued Fax87.com, Farjad Fani and Matt Johnson Finance Inc. (collectively "Fax87") in the Central District of California, 2-11-cv-02618, for infringement of the Patents-In-Suit. Fax87.com purchases the services accused of infringing the Patents-in-Suit from Vitelity Communications, LLC ("Vitelity"). On information and belief, Vitelity is a corporation organized under the laws of the State of Colorado with a principal place of business at 7900 E. Union Ave., Suite 1100, Denver, Colorado, 80237. Vitelity is a customer of EC Data. EC Data provides the allegedly infringing fax services that Vitelity provides to Fax87. On September 23, 2011, j2 sued Vitelity, in the Central District of California, 2-11-cv-07904, for infringement of the Patents-in-Suit.

16. In communications with EC Data, representatives of j2 are currently demanding that EC Data pay an unreasonable royalty under threat of suit for infringement of the Patents-in-Suit.

17. The technologies claimed in the Patents-in-Suit are directed to the detailed structure, function and operation of network server computers, and associated hardware, used for

77691800.1

interfacing with telephone networks to receive and process faxes. The complaints filed by j2 against Fax87 and Vitelity do not provide any detailed allegations showing why j2 believes the accused services meet each and every limitation of the asserted patent claims. j2's infringement allegations against EC Data's services necessarily implicate network server computers, and associated hardware, owned and controlled by EC Data. The specific structure, function and operation of EC Data's systems is confidential and has not been shared with j2. Accordingly, on information and belief, j2 has no reasonable basis to support its assertion that EC Data's services infringe the Patents-in-Suit.

18. The claims of the Patents-in-Suit have been construed in a litigation brought by j2 against Captaris, Inc., in the Central District of California. *j2 Global Communications, Inc. v. Captaris, Inc.,* 2-09-cv-04150, Claim Construction Order (C.D. Cal. March 4, 2011). j2's proffered constructions were largely adopted by the *Captaris* Court's Claim Construction Order. EC Data believes that at least some of the constructions made in the March 4, 2011 Order were made in error and reserves the right to proffer its own constructions. Nevertheless, EC Data's products and services do not practice the claims of the Patents-in-Suit even under the claim construction advocated by j2 and adopted by the *Captaris* Court or under a proper construction of the claims of the Patents-in-Suit.

19. EC Data has not infringed and does not infringe, either directly or indirectly, or pursuant to the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit. A substantial controversy now exists between the parties, which is of sufficient immediacy and reality to warrant declaratory relief.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-infringement of the '638 Patent)**

20. EC Data repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

21. EC Data has not infringed and is not now infringing, either directly, contributorily, or through inducement, willfully or otherwise, the '638 Patent.

22. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

23. A judicial declaration of non-infringement is necessary and appropriate so that EC Data may ascertain its rights with respect to the '638 Patent.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-infringement of the '066 Patent)**

24. EC Data repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

25. EC Data has not infringed and is not now infringing, either directly, contributorily, or through inducement, willfully or otherwise, the '066 Patent.

26. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27. A judicial declaration of non-infringement is necessary and appropriate so that EC Data may ascertain its rights with respect to the '066 Patent.

## JURY DEMAND

EC Data hereby demands a trial by jury on every issue so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff EC Data requests that judgment against j2 Global, Inc. and Advanced Messaging Technologies, Inc. be entered as follows:

A. That EC Data does not infringe any of the Patents-in-Suit;

B. That the case is exceptional under 35 U.S.C. § 285 and that EC Data be awarded its attorneys' fees, costs and expenses incurred in this action as provided by that statute; and

C. That EC Data have such other and further relief as the Court may deem just and proper.

Dated: February 21, 2012

FULBRIGHT & JAWORSKI L.L.P.

*s/William J. Leone*
William J. Leone, Reg. #11403
370 Seventeenth Street, Suite 2150
Denver, Colorado 80202
Telephone: (303) 801-2700
Facsimile: (303) 801-2777
E-mail: wleone@fulbright.com

**Attorney for Plaintiff, EC Data Systems, Inc.**