IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-00446-PAB

EC DATA SYSTEMS, INC.,

       Plaintiff,

v.

J2 GLOBAL, INC., and

ADVANCED MESSAGING TECHNOLOGIES, INC.

       Defendants.

---

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

---

Defendants j2 Global, Inc. ("j2") and Advanced Messaging Technologies, Inc. ("AMT"; together, "j2"), hereby answers the Complaint filed by Plaintiff EC Data Systems, Inc. ("EC Data") and alleges counterclaims as follows:

### j2's ANSWER AND AFFIRMATIVE DEFENSES

### NATURE OF ACTION

1.      j2 admits that Plaintiff's Complaint purports to seek declaratory judgment that EC Data does not infringe any of the claims of U.S. Patent Nos. 6,208,638 and 6,350,066.  j2 denies the remaining allegations in paragraph 1.

### THE PARTIES

2.      j2 is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 2 and therefore denies same.

3.      j2 admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028.  AMT admits that it is a wholly-owned subsidiary of j2, organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028.

4.      j2 admits that it operates services under the names eFax®, myfax®, eVoice®, Fax.com®, RapidFAX™, Send2Fax® TrustFax®, Campaigner®, KeepItSafe®, onebox®, and FuseMail®.  j2 denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5.      j2 admits that Plaintiff's Complaint purports to state claims arising under the patent laws of the United States, Title 35 of the United States Code.  j2 denies the remaining allegations in paragraph 5.

6.      j2 admits that federal courts have subject matter jurisdiction over Plaintiffs' Complaint.  j2 denies the remaining allegations in paragraph 6.

7.      j2 admits that this lawsuit may be brought in this District, but denies that this District is the proper District in which this lawsuit should be heard, and denies the remaining allegations in paragraph 7.

8.      j2 admits that this lawsuit may be brought in this District, but denies that this District is the proper District in which this lawsuit should be heard, and denies the remaining allegations in paragraph 8.

## FACTUAL BACKGROUND

9.      j2 admits that it owns U.S. Patent No. 6,208,638 by assignment.  AMT admits that it owns U.S. Patent No. 6,350,066 by assignment.

10.     j2 denies the allegations in paragraph 10.

11.     j2 denies the allegations in paragraph 11.

12.     j2 admits that EC Data licensed certain patents owned by a subsidiary of j2.  j2 denies the remaining allegations in paragraph 12.

13.     j2 admits that IP Investments Group sent EC Data a letter dated November 13, 2009.  j2 denies the remaining allegations in paragraph 13.

14.     j2 admits that EC Data sent IP Investments Group a letter on November 18, 2009 and that IP Investments Group sent EC Data a letter on December 3, 2009.  j2 denies the remaining allegations in paragraph 14.

15.     j2 admits that it filed a complaint against Fax87.com, Farjad Fani and Matt Johnson Finance Inc. (collectively "Fax87") on March 29, 2011 and filed a complaint against Vitelity Communications, LLC on September 23, 2011.  The remaining statements of paragraph 15 are not directed at j2 and, therefore, require no response.  To the extent a response is required, j2 denies the remaining allegations of paragraph 15.

16.     j2 denies the allegations in paragraph 16.

17.     j2 denies the allegations in paragraph 17.

18.     j2 admits that the claims of the Patents-in-Suit were construed by Judge Pregerson in an Order dated March 4, 2011.  j2 denies the remaining allegations in paragraph 18.

19.     j2 denies the allegations in paragraph 19.

3

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-infringement of the '638 Patent)

20.     j2 hereby incorporates by reference paragraphs 1 through 19, in answer to paragraph 20.

21.     j2 denies the allegations in paragraph 21.

22.     j2 denies the allegations in paragraph 22.

23.     j2 denies the allegations in paragraph 23.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-infringement of the '066 Patent)

24.     j2 hereby incorporates by reference paragraphs 1 through 23, in answer to paragraph 24.

25.     j2 denies the allegations in paragraph 25.

26.     j2 denies the allegations in paragraph 26.

27.     j2 denies the allegations in paragraph 27.

## AFFIRMATIVE DEFENSES

Without undertaking any burden of proof it does not have as a matter of law, j2 alleges the following affirmative defenses.  j2 expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses based upon legal theory, facts and circumstances which may or will be developed through discovery or further legal analysis of Plaintiff's claims and j2's position in this litigation.

## First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## Second Affirmative Defense

U.S. Patent Nos. 6,208,638 and 6,350,066 are valid and enforceable.

## Third Affirmative Defense

j2's patent infringement lawsuits have been brought in good faith, without any knowledge that any of the asserted patents are invalid or unenforceable.

## Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff infringes one or more claims of U.S. Patent Nos. 6,208,638 and 6,350,066.

## PRAYER FOR RELIEF

WHEREFORE, j2 and AMT respectfully request judgment on the Complaint as follows:

A.      Judgment in favor of j2 and AMT;

B.      Dismissal of the Complaint with prejudice;

C.      A finding that this is an exceptional case under 35 U.S.C. § 285;

D.      An award, pursuant to 35 U.S.C. § 285, of j2's and AMT's reasonable attorneys' fees;

E.      An award to j2 and AMT of their costs and expenses incurred herein; and

F.      Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

j2 and AMT demand a trial by jury of all issues so triable.

Dated: Denver, Colorado                                    Respectfully submitted,

April 9, 2012

By:  /s/ Theodore W. Rosen
Theodore W. Rosen, Esq.
Lauren E. Mosse, Esq.
**THEODORE W. ROSEN, P.C.**
3003 East Third Avenue, Suite 205C
Denver, Colorado  80206
(303) 837-1767
(303) 837-1765 (fax)
twrosen@msn.com

ATTORNEYS FOR DEFENDANTS j2
GLOBAL, INC. and ADVANCED
MESSAGING TECHNOLOGIES, INC.

6

## j2's COUNTERCLAIMS

### THE PARTIES

1.      j2 is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028.  j2 provides messaging and communications services to millions of customers around the world.

2.      AMT is a wholly-owned subsidiary of j2, organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028.

3.      Upon information and belief, EC Data is a Colorado corporation with its principal place of business at 8484 S. Valley Hwy., Suite 250B, Englewood, CO 80112.

4.      EC Data is an application service provider offering messaging services to businesses around the world, including the United States, the State of California, and the Central District of California.  EC Data provides inbound fax-to-email and voice-to-email services to its users.

5.      EC Data provides or provided fax-to-email services through Vitelity Communications, LLC and Fax87.com.

### JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      EC Data is headquartered in this District and brought suit against j2 in this District.  Therefore this Court has personal jurisdiction over EC Data.

8.      Although this action should be transferred to the Central District of California where it can be consolidated with seven highly similar and related cases, venue is also proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## CAUSES OF ACTION

### COUNT I – Infringement of U.S. Patent No. 6,208,638

9.      j2 repeats and realleges the allegations of paragraphs 1 through 8 of these Counterclaims as though fully set forth herein.

10.     United States Patent No. 6,208,638, entitled "Method and Apparatus for Transmission and Retrieval of Facsimile and Audio Messages Over a Circuit or Packet Switched Network" (hereinafter "the '638 Patent"), was duly and legally issued on March 27, 2001, to Jack Rieley and Jaye Muller.  The '638 Patent underwent reexamination, and a reexamination certificate issued December 9, 2008.  A true and correct copy of the '638 Patent and the reexamination certificate are attached hereto as Exhibit A.

11.     The '638 patent has been in full force and effect since its issuance, and since the issuance of the reexamination certificate.  j2 owns by assignment the entire right, title, and interest in and to the '638 Patent, including the right to sue for past, present, and future infringements thereof.

12.     EC Data has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '638 Patent in violation of 35 U.S.C. § 271, et seq.  EC Data has committed acts of infringement by making,

using, selling, and/or offering to sell products and/or services within the United States, and/or importing products and/or services into the United States, including, but not limited to EC Data's FAXAGE service.

13.     EC Data's activities have been without express or implied license by j2.

14.     EC Data will continue to infringe the '638 Patent unless enjoined by this Court. As a result of the infringing conduct of EC Data, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

15.     As a result of EC Data's infringement of the '638 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

16.     Because EC Data has continued its activities after receiving actual notice of the '638 Patent, and after receiving notice of the reexamination certificate, EC Data's infringement is willful.  As a result, j2 is further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby j2 is further entitled to an award of its attorneys' fees.

### COUNT II – Infringement of U.S. Patent No. 6,350,066

17.     j2 repeats and realleges the allegations of paragraphs 1 through 8 of these Counterclaims as though fully set forth herein.

18.     United States Patent No. 6,350,066, entitled "Systems and methods for Storing, Delivering, and Managing Messages" (hereinafter "the '066 Patent"), was duly and legally issued on February 26, 2002, to Charles R. Bobo, II.  The '066 Patent underwent reexamination, and a reexamination certificate issued May 5, 2009.  A true and correct copy of the '066 Patent and the reexamination certificate are attached hereto as Exhibit B.

19.     The '066 patent has been in full force and effect since its issuance, and since the issuance of the reexamination certificate.  AMT owns by assignment the entire right, title, and interest in and to the '066 Patent, including the right to sue for past, present, and future infringements thereof.

20.     EC Data has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '066 Patent in violation of 35 U.S.C. § 271, *et seq*.  EC Data has committed acts of infringement by making, using, selling, and/or offering to sell products and/or services within the United States, and/or importing products and/or services into the United States, including, but not limited to EC Data's FAXAGE service.

21.     EC Data's activities have been without express or implied license by AMT.

22.     EC Data will continue to infringe the '066 Patent unless enjoined by this Court.  As a result of the infringing conduct of EC Data, AMT has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Accordingly, AMT is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

23.     As a result of EC Data's infringement of the '066 Patent, AMT has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

24.     Because EC Data has continued its activities after receiving actual notice of the '066 Patent, and after receiving notice of the reexamination certificate, EC Data's infringement is willful.  As a result, AMT is further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby AMT is further entitled to an award of its attorneys' fees.

### COUNT III – Infringement of U.S. Patent No. 6,597,688

25.     j2 repeats and realleges the allegations of paragraphs 1 through 8 of these Counterclaims as though fully set forth herein.

26.     United States Patent No. 6,597,688, entitled "Scalable Architecture for Transmission of Messages over a Network" (hereafter "the '688 Patent"), was duly and legally issued on July 22, 2003, to Anand Narasimhan, Yaacov Shemesh and Amit Kumar.  The '688 Patent underwent reexamination, and a reexamination certificate issued March 11, 2008.  A true and correct copy of the '688 Patent and the reexamination certificate is attached hereto as Exhibit C.

27.     The '688 Patent has been in full force and effect since its issuance, and since the issuance of the reexamination certificate.  j2 owns by assignment the entire right, title and interest in and to the '688 Patent, including the right to sue for past, present, and future

infringements thereof.  j2 has provided and EasyLink has received actual notice of the '688

Patent.

28.     EC Data has directly infringed, and/or has induced others to infringe, and/or has

committed acts of contributory infringement of one or more claims of the '688 Patent in

violation of 35 U.S.C. § 271, *et seq*.  EC Data has committed acts of infringement by making,

using, selling, and/or offering to sell products and/or services within the United States, and/or

importing products and/or services into the United States, including, but not limited to EC Data's

FAXAGE service.

29.     EC Data's activities have been without express or implied license by j2.

30.     EC Data will continue to infringe the '066 Patent unless enjoined by this Court.

As a result of the infringing conduct of EC Data, j2 has suffered, and will continue to suffer,

irreparable harm for which there is no adequate remedy at law.  Accordingly, j2 is entitled to

temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to

35 U.S.C. § 283.

31.     As a result of EC Data's infringement of the '688 Patent, j2 has been damaged,

and will be further damaged, and is entitled to be compensated for such damages pursuant to 35

U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at

trial.

32.     Because EC Data has continued its activities after receiving actual notice of the

'688 Patent, and after receiving notice of the reexamination certificate, EC Data's infringement

is willful.  As a result, j2 is further entitled to trebling of damages pursuant to 35 U.S.C. § 284,

and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby j2 is further entitled to an award of its attorneys' fees.

## COUNT IV – Infringement of U.S. Patent No. 7,020,132

33.      j2 repeats and realleges the allegations of paragraphs 1 through 8 of these Counterclaims as though fully set forth herein.

34.      United States Patent No. 7,020,132, entitled "Scalable Architecture for Transmission of Messages over a Network" (hereafter "the '132 Patent"), was duly and legally issued on March 28, 2006, to Anand Narasimhan, Yaacov Shemesh and Amit Kumar.  A true and correct copy of the '132 Patent is attached hereto as Exhibit D.

35.      The '132 Patent has been in full force and effect since its issuance.  j2 owns by assignment the entire right, title and interest in and to the '132 Patent, including the right to sue for past, present, and future infringements thereof.

36.      EC Data has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '132 Patent in violation of 35 U.S.C. § 271, *et seq*.  EC Data has committed acts of infringement by making, using, selling, and/or offering to sell products and/or services within the United States, and/or importing products and/or services into the United States, including, but not limited to EC Data's FAXAGE service.

37.      EC Data's activities have been without express or implied license by j2.

38.      EC Data will continue to infringe the '132 Patent unless enjoined by this Court. As a result of the infringing conduct of EC Data, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Accordingly, j2 is entitled to

temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

39.     As a result of EC Data's infringement of the '132 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

40.     Because EC Data has continued its activities after receiving actual notice of the '132 Patent, and after receiving notice of the reexamination certificate, EC Data's infringement is willful.  As a result, j2 is further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby j2 is further entitled to an award of its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, j2 and AMT respectfully request judgment on their counterclaims as follows:

A.      That EC Data has infringed the claims of the '066, '638, '688 and '132 Patents under 35 U.S.C. § 271 *et seq.*;

B.      That injunctions, preliminary and permanent, be issued by this Court restraining EC Data, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with EC Data, from directly or indirectly infringing the '066, '638, '688 and '132 Patents;

C.      That EC Data be required to provide j2 and AMT an accounting of all gains, profits and advantages derived by EC Data's infringement of the '066, '638, '688 and '132

Patents, and that j2 and AMT be awarded damages adequate to compensate j2 and AMT for the wrongful infringing acts by EC Data, in accordance with 35 U.S.C. § 284;

      D.      That as a result of EC Data's willful infringement of the '066, '638, '688 and '132 Patents, j2 and AMT be awarded treble damages pursuant to 35 U.S.C. § 284;

      E.      That the Court declare this case exceptional and award j2 and AMT their reasonable attorneys' fees pursuant to 35 U.S.C. § 285 as a result of EC Data's willful infringement of the '066, '638, '688 and '132 Patents;

      F.      That j2 and AMT be awarded their costs and expenses incurred herein; and

      G.      That j2 and AMT be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

      j2 and AMT demand a trial by jury of all issues so triable.

Dated: Denver, Colorado                Respectfully submitted,

      April 9, 2012


                        By: /s/ Theodore W. Rosen
                           Theodore W. Rosen, Esq.
                           Lauren E. Mosse, Esq.
                           **THEODORE W. ROSEN, P.C.**
                           3003 East Third Avenue, Suite 205C
                           Denver, Colorado  80206
                           (303) 837-1767
                           (303) 837-1765 (fax)
                           twrosen@msn.com

                           ATTORNEYS FOR DEFENDANTS j2
                           GLOBAL, INC. and ADVANCED
                           MESSAGING TECHNOLOGIES, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 9th day of April, 2012, I caused a true and correct copy of the foregoing **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** upon the following counsel of record via the court-provided Electronic Case Filing ("ECF") System, and such document is available for viewing and downloading from the ECF system:

> William J. Leone, Esq.
> FULBRIGHT & JAWORSKI, L.L.P.
> 370 Seventeenth Street, Suite 2150
> Denver, Colorado  80202
> Telephone:     (303) 801-2700
> Facsimile:     (303) 801-2777
> e-mail: wleone@fulbright.com

*Revnee B. Lea*